**Leroy ELLISON et al.**

v.

**ROCK HILL PRINTING & FINISHING COMPANY, a corporation et al.**

**Civ. A. No. 72-405.**

United States District Court,
D. South Carolina,
Rock Hill Division.

Aug. 12, 1974.

Ernest A. Finney, Jr., Sumter, S. C., Robert Belton, Jonathan P. Wallas, J. LeVonne Chambers, Charlotte, N. C., Jack Greenberg, New York City, for plaintiffs.

J. Hamilton Stewart, III, Thompson, Ogletree & Deakins, Greenville, S. C., Robert M. Ward, Rock Hill, S. C., for Rock Hill Printing.

J. R. Goldthwaite, Jr., Robert J. Martin, Jr., Atlanta, Ga., for I.A.M. and Local 1776.

James T. Irvin, Jr., Rock Hill, S. C., for MPEA and Textile Workers Union.

Patricia E. Eames, General Counsel, TWU of America, New York City, for Textile Workers Union of America.

John Bolt Culbertson, Greenville, S. C., for Textile Workers Local 710.

## ORDER

ON PLAINTIFFS' MOTIONS FOR SEPARATE TRIALS PURSUANT TO RULE 42(b) AND FOR REFERENCE OF SECOND TRIAL TO A SPECIAL MASTER PURSUANT TO RULE 53(b).

HEMPHILL, District Judge.

This suit is a class action, as authorized by Federal Rules of Civil Procedure 23(a) and 23(b)(2), brought for alleged deprivation of civil rights under 42 U.S.C. § 1981[1] by plaintiffs, black applicants, employees, and union members, against defendant employer, Rock Hill Printing & Finishing Co. (hereinafter RHP & F), and defendant unions, Textile Workers Union of America (hereinafter TWUA), Textile Workers Union of America Local 710 (hereinafter Local 710), International Association of Machinists & Aerospace Workers (hereinafter IAMAW), International Association of Machinists & Aerospace Workers Local 1779 (hereinafter Local 1779), and Machine Printers & Engravers Association (hereinafter MPEA).

## ISSUES

On July 24, 1972, this court received plaintiffs' motion seeking separate trials on the issues of liability and damages. Hearing of the motion was reserved until discovery was completed. Oral arguments were presented to the court on June 20, 1974.

The court has concluded that it will order first a trial on the issue of de-

fendants' liability for class discrimination, and, if defendants are found liable, a special master will be appointed to preside over and make recommendations as to the issue of damages in the form of back pay to be awarded to plaintiffs and other members in the class they represent.

## NOTICE

■■ As a preliminary matter, the issue of notice must be settled. While plaintiffs proceed primarily under Rule 23(b)(2) for injunctive relief, they also seek monetary relief. Thus, in order for the ruling in this case to be res judicata against any future claims of a similar nature that may filed against defendants, notice must be given to all members of the class pursuant to Rule 23(c)(3).[2] The burden of notice before trial should be borne by the parties instigating the class action. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).

■ In this case the court finds that individual notice need not be made. In *Eisen,* supra, the class embraced 2¼ million members who were scattered all over the country. Because of the difficulty of reaching all the members by publication and the ease of identifying them by defendants' records, individual notice was required. Here the class embraces less than 3,000 members who are highly localized in the Rock Hill, South Carolina, area. Because of the ease and faculty of reaching all the members by publication,[3] (it is not difficult to identify them by defendants' records but more expensive to do so) individual notice will not be required by this court.

---

1. 42 U.S.C. § 1981 provides:

 All persons within the jurisdiction of the United States shall have the same right in every State and Territory . . . to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . .

2. Rule 23(c)(3) provides:

 The judgment in an action maintained as a class action under subdivision (b)(1) or *(b)(2),* whether or not favorable to the class, shall include and describe those whom the court finds to be members of the class. . . . (Emphasis added.)

3. Additionally, everyone is aware of the poor mail service existing today.

Pursuant to its authority under Rule 23(d)(2),[4] this court orders that publication appear in all newspapers within a 75-mile radius of Rock Hill and notices be posted throughout defendant employer's plant. Members of the class with claims of the nature involved in this litigation must be notified to come forth and declare themselves or be forever barred from relief. Bing v. Roadway Express, Inc., 485 F.2d 441, 448 (5th Cir. 1973). Plaintiffs will draft a notice and a schedule for publication for submission to the court on or before October 1, 1974. In event of disagreement, a hearing will be held. Publication will be at least once each week for six weeks commencing November 1, 1974.

## SEPARATE TRIALS

Federal Rule of Civil Procedure 42(b) (1966) provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial . . . of any separate issue . . . .

The federal trial courts have increasingly realized the benefits of "bifurcated" trials. In Craig & Redden, Managing the Flow of Civil Cases, Reports of the Conference for District Court Judges, 59 F.R.D. 415, 466 (Federal Judicial Center 1973), it states:

> More and more judges are using Bifurcated Trials more often. The question of liability is always tried first. Defense counsel is more prone to settle the question of damages after he has lost on liability. The savings in time is obvious. The big problem is one of educating the Bar on the social desirability of the use of the modern technique of split trials.

The bifurcated trial has been utilized, either with or without the appointment of a special master, in an increasing number of employment discrimination cases as an expeditious and economical procedure.

A class with a large number of claimants with the identical issue of liability but with varying fact patterns as to the issue of damages necessitates bifurcation in order to conserve judicial time.

 The court is aware that two trials may require some witnesses to appear twice and the court admits that this is indeed unfortunate, however, due to the shortage of federal trial judges in this district and the fact that the caseload rate on the docket for each judge in this district is presently one of the highest in the country, bifurcation will be ordered in fairness to other litigants before this court. This court will not hear this entire case for ten weeks when it can hear the critical issue of liability in four weeks and refer the issue of damages to a special master for a second trial lasting six weeks.[5]

Defendants contend that this court should wait to ascertain the number of

---

4. Rule 23(d). Orders in Conduct of Actions. In the conduct of actions to which this rule applies, the court may make appropriate orders:

> . . . . .
>
> (2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members . . . to come into the action;
>
> . . . . .
>
> The orders may be combined with an order under Rule 16, and may be altered or amended as may be desirable from time to time.

5. Evidence as to why each individual member was denied a job, transfer, or promotion will not be heard by this court at the first trial on the issue of liability for *class* discrimination. This type of evidence is proper for presentation to the special master at the second trial on the issue of damages for individual discrimination.

As to plaintiffs' burden of proof at the first trial, a prima facie case of class-wide discrimination will be proved where it is shown that: (1) there are severe economic disparities between the earnings of white and black

individual claimants before a decision should be rendered as to the bifurcation of the trials. ·As to the instant case, this court disagrees.

In its order of January 7, 1974, this court has already found that there exists six separate subclasses. The trial before this court will be on the issue of liability of the accused defendants for each subclass. The number of individuals in each subclass is not relevant even if defendants are found liable.

Although there are only 13 named representative plaintiffs, there are approximately 3,000 union employees working at the defendant employer's plant. This is a sufficient reason for this court to proceed *now* to order bifurcation of the trials without ascertaining the exact number of individual claimants. The large number of employees is an indication that it is certain that other claimants will come forward.

## REFERENCE OF SECOND TRIAL TO SPECIAL MASTER

■■ Federal Rule of Civil Procedure 53(b) (1966) provides:

A reference to a master shall be the exception and not the rule. In actions to be tried by a jury, a reference shall be made only when the issues are complicated; *in actions to be tried without a jury, save in matters* of account and *of difficult computation of damages*, a reference shall be made only upon a showing that some exceptional condition requires it. (Emphasis added.)

The Fourth Circuit has recognized that the computation of back pay in class actions for discrimination in employment presents exceptional circumstances which warrant the appointment of a special master. Robinson v. Lorillard Corp., 444 F.2d 791 (4th Cir. 1971), cert. dismissed, 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655. See also Sprogis v. United Air Lines, Inc., 444 F.2d 1194 (7th Cir. 1971), cert. denied, 404 U.S. 991, 92 S.Ct. 536, 30 L.Ed.2d 543.

For example, in Diaz v. Pan American Airways, Inc., 346 F.Supp. 1301, 1309–1310 (S.D.Fla.1972), a master was appointed and given the right to obtain certain wage and other information. Also, our brother District Judge Sol Blatt, Jr., has bifurcated the trial in another employment discrimination case, Gantlin et al. v. West Virginia Pulp & Paper Co., et al., Civil No. 72–713, District of South Carolina, Charleston Division.

The reference of the second trial to a special master saves judicial time and may produce settlement after the initial trial, if defendants are found liable. A settlement agreement on the dollar amount of back pay was reached after the Fourth Circuit's opinion in *Robinson*, supra.

Defendants contend that the motion *for reference of the second trial to a* special master is untimely, i. e., premature, because plaintiffs resist defendants' efforts to ascertain the amount of their money claims at this time. This contention must be rejected. It would be a futile gesture for plaintiffs to speculate on their damages before defendants are declared liable. Indeed, the issue of damages sought by class members will be moot if no liability is found by this court at the first trial.[6]

employees, (2) black employees are confined to low paying job classifications; and (3) promotions given to blacks are limited substantially to higher paying jobs formerly held by blacks. Thus, only the company and the union *policy*, as opposed to individual treatment, will be scrutinized. See Baxter v. Savannah Sugar Refining Corp., 495 F.2d 437 (5th Cir. 1974).

At the second trial, after the initial burden has been carried by an individual claimant, see note 7, infra, the burden of persuasion will shift to defendants to prove no discrimination by clear and convincing evidence. Johnson v. Goodyear Tire & Rubber Co., 491 F.2d 1364, 1379–1380 (5th Cir. 1974).

6. Also, it is conceivable that plaintiffs will prove at the first trial a prima facie case of

If prima facie liability on the part of defendants is found by this court at the first trial, the court will request the parties to submit memoranda on the procedure for handling the individual back-pay claims and, after oral arguments, guidelines will be issued to the special master for hearing the individual claims and to the parties for presentation of their evidence at the second trial.

Each class member, in presenting a claim at the second trial before the special master, will be required to prove that he is a member of one of the six subclasses and that he has suffered financial loss.[7]

*Baxter*, supra.

The special master will thereafter prepare a report on each and every individual claim for submission to this court for critical review. Thus, this court will not be removed from making the final decision at the trial level on the issue of damages, as defendants fear.

## CONCLUSION

I. Plaintiffs will proceed to make arrangements for providing notice to the individual members of the class in accordance with the directions in this order.

II. Plaintiffs' motion for separate trial pursuant to Rule 42(b) is granted.

III. Plaintiffs' motion for reference of the second trial to a special master pursuant to Rule 53(b) is granted.

And it is so ordered.

---

liability for class discrimination, yet defendants will prove at the second trial no individual discrimination against any class member who presents a claim.

7. At this time, it is the court's conjecture, subject to change after arguments are heard by the parties, that at the second trial, if it is necessary to conduct the same, the initial burden on the individual claimant will be to require a statement of his current position

and pay rate, the jobs he applied for, when he applied, the jobs he was denied because of the class discrimination, their pay rates, a record of his employment history which would qualify him for the denied positions, and an estimation of the amount of back pay due. Defendants will open their records so that the individual claimants may obtain the evidence necessary to support their positions. Pettway v. American Cast Iron Pipe Co., 494 F.2d 211, 259–260 (5th Cir. 1974).